IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2006 NOV -9  P 3: 33

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| MATTHEW FELLOWS and FELLOWS TRANSPORT, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| GREAT DANE TRAILERS and GREAT DANE LIMITED PARTNERSHIP, | ) ) ) ) | CASE NO.: 1:06-CV-1011-MHT |
| Defendants. | ) ) ) | |

## NOTICE OF REMOVAL

Defendant **Great Dane Limited Partnership**, which was mistakenly

identified in the Plaintiffs Complaint as both **Great Dane Limited Partnership**

and **Great Dane Trailers**[1] (hereinafter the "Defendant") gives notice, with full

reservation of all defenses, that this cause is hereby removed from the Circuit

Court of Houston County, Alabama, to the United States District Court for the

Middle District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1332,

---

[1] The Plaintiffs are correct in contending that Great Dane Limited Partnership has its principal place of business at 222 N. LaSalle Street in Chicago, Illinois. However, there is no such legal entity called Great Dane Trailers. "Great Dane Trailers" is a trade name used by Great Dane Limited Partnership. Great Dane Limited Partnership has taken service of the Complaint purportedly served by the Plaintiffs on both named Defendants. Accordingly, Great Dane Limited Partnership is the only Defendant in this proceeding and the only Defendant that has been served with a copy of the Complaint.

1/1430027.2

1441, and 1446. This cause is removable pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Plaintiffs and the Defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.    In further support of its notice of removal, Defendant shows unto the Court as follows:

1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases. *See* 28 U.S.C. §§ 1441(b), 1446(b).

2.    On or about October 3, 2006, Plaintiffs Matthew Fellows and Fellows Transport, LLC ("Plaintiffs") commenced this action against Defendant by filing a Complaint in the Circuit Court of Houston County, Alabama, bearing Case Number CV-06-623 (the "Complaint"). On or about October 12, 2006, Defendant Great Dane Limited Partnership was served with a Summons and Complaint. On or about October 17, 2006, Defendant Great Dane Limited Partnership was served with another Summons and Complaint, which was purportedly directed to an entity known as Great Dane Trailers.

3.    The Complaint in this action is based on allegations of breach of contract, breach of warranty, misrepresentation, oppression, fraud, wantonness and malice.    The Complaint contains an unspecified demand for both compensatory and punitive damages.

1/1430027.2

4.    As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and Defendant has satisfied the procedural requirements for removal.

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states, in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

## I.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFFS AND THE PROPER DEFENDANT.

6.    There is complete diversity of citizenship between Plaintiffs and Defendant.

7.    Upon information and belief, Plaintiffs are, and were at all relevant times, residents of the State of Alabama. *See* Compl., ¶¶ 1 - 2. Therefore, Plaintiffs are citizens of Alabama for purposes of determining diversity. 28 U.S.C. § 1332(a); 1332(c)(2).

8.    Defendant Great Dane Limited Partnership is, and was at the time of the institution of this action, a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois.  Furthermore, none of the general or limited partners of Great Dane Limited Partnership are residents of the State of Alabama.  Exhibit A, which

1/1430027.2

is attached hereto, lists the residence of Defendants' general and limited partners. As previously explained, there is no such entity as Great Dane Trailers and, accordingly, no residence examination needs to be conducted as to such purported entity. Therefore, Defendant and all of its general and limited partners are not now, and were not at the time of the filing of the Complaint, citizens of the State of Alabama for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

## II.   THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

9.     The Complaint seeks compensatory damages, on various causes of action, relating to a Great Dane 2006 Model Refrigerated Trailer that the Plaintiff alleges to have purchased from the Defendant. Compl. ¶¶ 4, 8, 11, 16, 20. Accordingly, it cannot be disputed that, based upon the face of the Plaintiff's Complaint alone, the Plaintiff's claims for compensatory relief create an amount of compensatory damages in controversy of at least $50,438.85.[2]

10.     The amount in controversy for Federal diversity jurisdiction has been met in that, as is reflected in the complaint, Plaintiffs bring claims based upon fraud and have requested an unspecified demand for punitive damages. *Id.*, unnumbered Demands for Relief. If proven, the Plaintiffs' claims may entitle them to recover punitive damages under various standards and conditions. Requested

---

[2]  Although the Plaintiffs' Complaint is silent to the specific elements of compensatory damages they are seeking, it is certainly possible, if not likely, that the Plaintiffs' are seeking additional amounts in compensatory damages beyond the cost of the trailer such as lost use, lost profits, etc.

punitive damages <u>must</u> be considered in any calculation of the amount in controversy. *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered."); *Swafford v. Transit Casualty Company*, 486 F. Supp. 175, 177 (N.D. Ga. 1980) ("It is clear that in determining the jurisdictional amount in controversy, punitive damages are to be counted." citing *Bell v. Preferred Life Assurance Society*, 320 U.S. 238 (1943)).

11.    Assuming the Plaintiff's claim for compensatory damages is only $50,438.85[3], the Plaintiffs would only need to recover punitive damages in the amount of $24,561.16 for the amount in controversy to exceed $75,000.00. Accordingly, the amount of punitive damages recovered by Plaintiffs could be less than half the amount of compensatory damages (a ratio of punitive to compensatory damages of less than 1:2) and the amount in controversy would still exceed $75,000. Pursuant to the standards for awarding punitive damages set forth by the United States Supreme Court in *BMW of North America, Inc. v. Gore,* the ratio of punitive damages to compensatory damages is an "indicium of the reasonableness or excessiveness of punitive damages." *National Insurance Association v. Sockwell*, 829 So.2d 111, 137-38 (Ala. 2002)(citing *BMW v. North America, Inc. v. Gore*, 517 U.S. 559, 580, 116 S.Ct. 1589, 134 L.Ed.2d 809

---

[3] As stated before, this figure represents what the Plaintiff alleges to have paid for the trailer and there may well be additional elements of compensatory damages the Plaintiffs are seeking.

(1996)).   The Alabama Supreme Court has upheld verdicts with much greater ratios of punitive damages to compensatory damages. *See e.g., Shiv-Ram, Inc. v. McCaleb*, 892 So.2d 299 (Ala. 2003)(upholding a punitive to compensatory ratio of approximately 2.83:1); *Sockwell*, 829 So.2d at 137-38 (upholding a 3:1 ratio and expressly holding that 3:1 is "a ratio for which substantial support can be found under Alabama law."); *AutoZone, Inc. v. Leonard*, 812 So.2d 1179, 1187 (Ala. 2001)(holding that a ratio of 3.67:1 is "reasonable").

      12.   Furthermore, cases in Alabama involving claims of fraud routinely result in verdicts substantially in excess of $75,000. *See, e.g., Fleetwood Enters., Inc. v. Hutcheson*, 791 So. 2d 920 (Ala. 2000) (addressing appeal of $63,100 compensatory award and $189,300 punitive damages award from Circuit Court of Franklin County involving fraud claim brought by retailer against manufacturer related to termination of retail agreement); *Brown v. Oakwood Mobile Homes*, No. 00-148, 2005 WL 1668915 (Ala. Cir. Ct. Feb. 17, 2005) (jury verdict report) (Limestone County jury returns total verdict of $160,000 in favor of purchasers of mobile home who claimed that defendant-seller misrepresented the finance terms for the purchase); *Rebar v. Cook's Pest Control*, No. 01-5380, 2005 WL 3701526 (Ala. Cir. Ct. Apr. 29, 2005) (jury verdict report) (Jefferson County jury returns verdict of $100,000 in compensatory damages and $3,000,000 in punitive damages against pest control company for fraudulently representing to the

plaintiff that the house she purchased was free of termites); *Integrity Capital, Inc. v. Lunt*, No. 03-532, 2005 WL 1668910 (Ala. Cir. Ct. Mar. 14, 2005) (jury verdict report) (Shelby County jury returns $3,500,000 award of punitive damages against court-appointed attorney found to have defrauded a finance company into paying invalid claims for reimbursement where actual damages were $10,367 plus costs); *see also* Representative Fraud and Punitive Damages Verdicts Chart (attached hereto as Exhibit B) & Post-Gore Punitive Damages Chart (summarizing punitive damage awards in various Alabama counties) (attached hereto as Exhibit C).

13.    Thus, the amount in controversy in this case plainly exceeds $75,000, exclusive of interests and costs.

### III.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

14.    This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b). Defendant Great Dane Limited Partnership was first served with a copy of the Summons and Complaint on October 12, 2006. Thus, this Notice of Removal is timely as it is being filed within thirty days of October 12, 2006. *See* 28 U.S.C. § 1446(b).

15.    The United States District Court for the Middle District of Alabama, Southern Division embraces the county in which the removed action was pending. 28 U.S.C. §§ 81(a), 1441(a).

1/1430027.2

16.    Defendant Great Dane Limited Partnership is the only served defendant and is the only named defendant that is actually an entity in existence. Therefore, consent to this removal from any other party is not required.

17.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant, which papers include the summons and complaint, is attached hereto as Exhibit D.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Circuit Court of Houston County, Alabama.  A copy of Defendant's filing in state court is attached hereto as Exhibit E.

18.    If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, **Defendant Great Dane Limited Partnership,** which was mistakenly identified as in the Plaintiffs Complaint as both **Great Dane Limited Partnership** and **Great Dane Trailers,** respectfully removes this action from the Circuit Court of Houston County, Alabama, bearing civil action number CV-06-623, to this Court, pursuant to 28 U.S.C. § 1441.

Dated this ___9___ day of November, 2006.

1/1430027.2

Charles A. Stewart III (STE067)
Robert E. Poundstone, IV (POU006)
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: cstewart@bradleyarant.com
         bpoundstone@bradleyarant.com

Attorneys for Defendant Great Dane Limited Partnership

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served the above and foregoing on:

Ron Storey
Post Office Box 6567
Dothan, Alabama  36302

by placing copies of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this ____ day of November, 2006.

Respectfully submitted,

Charles A. Stewart III (STE067)
Robert E. Poundstone, IV (POU006)
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: cstewart@bradleyarant.com
        bpoundstone@bradleyarant.com

Attorneys for Defendants Great Dane Limited Partnership

1/1430027.2

# EXHIBIT
# "A"

# Great Dane Limited Partnership

**General Partner:**

| Name | Address |
| --- | --- |
| Dane Acquisition Corp. | 222 N. LaSalle Street., Suite 1000, Chicago, IL 60601 |

**Limited Partners:**

| Name | Address |
| --- | --- |
| Pines Trailer Limited Partnership (see attached listing of partners) | 222 N. LaSalle Street., Suite 1000, Chicago, IL 60601 |
| Trailer Investors (see attached listing of partners) | 222 N. LaSalle Street., Suite 2000, Chicago, IL 60601 |



1

**Pines Trailer Limited Partnership**

**General Partner:**

| Name | Address |
|------|---------|
| Pines Trailer Corporation | 222 N. LaSalle Street., Suite 1000, Chicago, IL 60601 |

**Limited Partners:**

| Name | Address |
|------|---------|
| Henry Crown and Company (Not Incorporated (see attached list of partners) | 222 N. LaSalle Street, Suite 2000, Chicago, IL 60601 |

**Trailer Investors**

**Partners:**

| Name | Address |
|---|---|
| Paula H. Crown | 1320 North State Parkway, Unit #14A, Chicago, IL 60610 |
| | 0336 W. Tiehack Rd., Aspen, CO 81611 |
| William Kunkler III | 60 E. Cedar Street, Chicago, IL 60611 |
| James A. Star | 2102 N. Kenmore Avenue, Chicago, IL 60614 |
| Barbara Manilow | 1943 N. Cleveland, Chicago, IL 60614 |
| | 0085 Timber Ridge Lane, Snowmass Village, CO 81615 |
| Nancy C. Crown | 685 Ardsley Road, Winnetka, IL 60093 |
| | 850 Moore Dr., Aspen, CO 81611 |
| (Geoffrey F. Grossman is Trustee of the following Trusts) | -- |
| Rebecca Eileen Crown Trust u/t/a 5/18/53 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| David Arden Crown Trust u/t/a 1/22/63 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Judith Crown Trust u/t/a 10/25/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Arie Steven Crown Trust u/t/a 12/10/52 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| James Schine Crown Trust u/t/a 7/8/53 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Patricia Ann Crown Trust u/t/a 12/13/54 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Daniel Morris Crown Trust u/t/a 6/24/57 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Susan Crown Trust u/t/a 5/11/59 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Sara Beth Crown Trust u/t/a 6/2/60 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Janet Schine Crown Trust u/t/a 11/29/63 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Debra Lee Crown Trust nu/t/a 10/17/55 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Nancy Jean Crown Trust u/t/a 5/11/59 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |

3

**Trailer Investors (continued)**

| | |
|---|---|
| Elizabeth Ida Crown Trust u/t/a 7/24/61 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| William Herman Crown Trust u/t/a 7/30/63 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Richard Crown Goodman Trust u/t/a 5/11/56 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Barbara Nancy Goodman Trust u/t/a 8/20/60 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Leonard Goodman Trust u/t/a 3/20/62 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Rebecca Eileen Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| David Arden Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Judith Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Arie Steven Crown 65 Trust u/t/a 7/25/66 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| James Schine Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Patricia Ann Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Daniel Morris Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Susan Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Sara Beth Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Janet Schine Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Debra Lee Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Nancy Jean Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Elizabeth Ida Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| William Herman Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Catherine Ann Crown 65 Trust u/t/a 2/21/66 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Richard Crown Goodman 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |

**Trailer Investors (continued)**

| | |
|---|---|
| Barbara Nancy Goodman 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Leonard Crown Goodman 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| RCGC Goodman Childrens Trust u/t/a 3/3/78 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| BNGC Goodman Childrens Trust u/t/a 3/3/78 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| LCGC Goodman Childrens Trust u/t/a 3/3/78 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| DVD/H Childrens Trust u/t/a 8/7/84 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| JUD/H Childrens Trust u/t/a 8/7/84 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| JAS/H Childrens Trust u/t/a 8/7/84 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| DAN/H Childrens Trust u/t/a 8/7/84 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| SUS/H Childrens Trust u/t/a 8/7/84 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| SAR/H Childrens Trust u/t/a 8/7/84 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| JAN/H Childrens Trust u/t/a 8/7/84 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| DEB/H Childrens Trust u/t/a 8/7/84 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| NAN/H Childrens Trust u/t/a 8/7/84 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| BET/H Childrens Trust u/t/a 8/7/84 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| WIL/H Childrens Trust u/t/a 8/7/84 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| CAT/H Childrens Trust u/t/a 8/7/84 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |

**Henry Crown and Company (Not Incorporated)**

**General Partners:**

| Name | Address |
|---|---|
| A. Steven Crown | 685 Ardsley Road, Winnetka, IL  60093 |
| | 850 Moore Dr., Aspen, CO  81611 |
| James S. Crown | 1320 North State Parkway, Unit #14A, Chicago, IL  60610 |
| | 0336 W. Tiehack Rd., Aspen, CO  81611 |
| William H. Crown | 100 LaSandra Way, Portola Valley, CA  94028 |
| Richard C. Goodman | 1928 N. Mohawk, Chicago, IL  60614 |
| | 0500 Edgewood Lane, Snowmass Village, CO 81615 |

**Limited Partners:**

| Name | Address |
|---|---|
| (Geoffrey F. Grossman is Trustee of the following Trusts) | -- |
| Rebecca Crown Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| David Crown Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Judith Crown Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Arie Crown Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| James Crown Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Patricia Crown Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Daniel Crown Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Susan Crown Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Sara Crown Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Janet Crown Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Debra Crown Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |

6

**Henry Crown and Company (Not Incorporated) (continued)**

| | |
|---|---|
| Nancy Crown Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Elizabeth Crown Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| William Crown Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Richard Goodman Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Barbara Goodman Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Leonard Goodman Trust | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Rebecca Eileen Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| David Arden Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Judith Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Arie Steven Crown 65 Trust u/t/a 7/25/66 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| James Schine Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Patricia Ann Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Daniel Morris Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Susan Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Sara Beth Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Janet Schine Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Debra Lee Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Nancy Jean Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Elizabeth Ida Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| William Herman Crown 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |
| Richard Crown Goodman 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 |

**Henry Crown and Company (Not Incorporated) (continued)**

| | |
|---|---|
| Barbara Nancy Goodman 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |
| Leonard Crown Goodman 65 Trust u/t/a 12/28/65 | 131 S. Dearborn Street, Suite 2400, Chicago, IL  60603 |

1:06-cv-1011-MHT

# EXHIBIT
# "B"

## REPRESENTATIVE FRAUD AND PUNITIVE DAMAGE VERDICTS[1]

A.   *Foremost Ins. Co. v. Parham*, 693 So.2d 409 (Ala. 1997).  Trial in Circuit Court of
     Bullock County.  Claims of fraud against homeowners' insurer for misrepresentation
     about premiums and suppression of fact that coverage for adjacent structures was in fact
     optional.  Each of two plaintiffs awarded $7,500 in compensatory and $7.5 million in
     punitive damages; remittiturs of punitive damages ordered by Alabama Supreme Court to
     $175,000 and $173,000 respectively.  Actual damages small and entirely economic in
     nature; suppression of facts probably not actionable at the time it occurred.  Ratio of
     punitive to compensatory damages in jury's verdict was 1,000 to 1; after Supreme
     Court's remittitur it was approximately 90 to 1.

B.   *BMW of North America v. Gore*, 701 So.2d 507 (Ala. 1997).  Trial in Circuit Court of
     Jefferson County.  Claim of fraud against auto manufacturer for failing to disclose pre-
     delivery repair of paint scratch.  Jury awarded $4,000 compensatory damages and $4
     million punitive damages to plaintiff.  Punitive awarded remitted initially by Alabama
     Supreme Court to $2 million, see *BMW of North America v. Gore*, 646 So.2d 619 (Ala.
     1994); after reversal by U.S. Supreme Court, remitted further to $50,000.  Damage
     exclusively economic. Ratio of compensatory to punitive damages returned by jury was
     1,000 to 1.

C.   *Alfa Mutual Ins. Co. v. Roush*, 1998 Ala. LEXIS 257 (Ala. Sept. 11, 1998).  Trial in the
     Circuit Court of Mobile County.  Claim of fraud arising out of insurance agent's
     pocketing of premium money and failing to procure coverage as promised.  Jury awarded
     $100,000 in compensatory damages and $1 million in punitive damages.  Reversed and
     remanded for new trial by Alabama Supreme Court, because one of two counts should
     not have been submitted to the jury.

D.   *Mobile Dodge Inc. v. Alford*, 487 So.2d 866 (Ala. 1986).  Trial in Circuit Court of
     Mobile County.  Fraud claimed in connection with the sale of a car which had been
     represented as not having been wrecked and as in "excellent condition."  *Id*. at 867.
     General verdict for $125,000, treated by appeals court as exclusively punitive.  *Id*. at 872.
     Actual damage exclusively economic.  Alabama Supreme Court, in denying remittitur,
     cited to numerous other fraud punitive damage verdicts as a basis for not reducing the
     award.  *Id*. at 871-72.

E.   *Life Ins. Co. of Georgia v. Johnson*, 701 So.2d 524 (Ala. 1997).  Trial in Circuit Court
     of Mobile County.  Fraud claimed in connection with sale of unnecessary medical
     coverage to plaintiff.  Jury returned a compensatory verdict of $250,000 and a punitive
     award of $15 million.  Remitted by trial court, and twice by Alabama Supreme Court,

---

[1]Where not from reported cases, the verdicts in this list are taken from F. Latta, "Large
Punitive Damage Verdicts in Alabama 1994-1995," *Ala. Def. L. J.*, Vol. 12, No. 2, p. 19 (Oct.
1996), and the 1997 and 1998 issues of <u>Alabama Civil Trial Reporter</u> (CTR, Inc.).

ALL-STATE LEGAL®    B

resulting in ultimate punitive award of $3 million. Ration of compensatory to punitive damages was 60 to 1 after jury's verdict; after final remittitur ratio was 12 to 1. Large economic impact on poor plaintiff; court also concluded that "there was a sizable group of Alabama citizens who were put at risk by the defendant's wrongful conduct." *Id.* at 530.

F.    *Northwestern Mut. Life Ins. Co. v. Sheridan*. 630 So.2d 384 (Ala. 1993). Trial in Circuit Court of Montgomery County. Insurance company and agent sued for fraud, based on agent's misrepresentations concerning pension and deferred compensation plans that did not exist, and pocketing of part of plaintiffs' premiums by agent. Jury verdict for plaintiffs for $800,000 in compensatory damages and $24,927,248 in punitive damages. Remitted by Alabama Supreme Court to a total of $12,863,624.

G.    *Smith v. States General Life Ins. Co.*, 592 So.2d 1021 (Ala. 1992). Trial in Circuit Court of Mobile County. Fraud claimed in connection with sale of medical insurance policy. Compensatory award to plaintiffs of $600 in compensatory damages and $250,000 in punitive damages. Post-trial finding that the defendant had pursued the same course with others. Jury's verdict undisturbed on appeal.

H.    *Lawyers Title Ins. Corp. v. Vella*, 570 So.2d 578 (Ala. 1990). Trial in Circuit Court of Mobile County. Fraud claimed in connection with sale of home; realtor and title company failed to disclose that the IRS had a tax lien and a right of redemption on the home. Jury award of $100,000 in compensatory damages and $275,000 in punitive damages. Supreme Court noted on appeal that mental anguish awards are particularly appropriate in cases that involve "impingement on the peace, well being and solitude of the plaintiff's home." *Id.* at 585.

I.    *Liberty Nat'l Life Ins. Co. v. McAllister*, 675 So.2d 1292 (Ala. 1995). Trial in Circuit Court of Mobile County. Fraud claimed in connection with insurance company's practice of encouraging insureds to exchange cancer policies for new policies that did not provide as many benefits. Plaintiff never submitted a claim under the new policy, and sustained no loss. Jury verdict for plaintiff of $1,000 compensatory damages, and $1 million in punitive damages. Affirmed by Alabama Supreme Court.

J.    *Union Security Life Ins. Co. v. Crocker*, 709 So.2d 1118 (Ala. 1997). Trial in Circuit Court of Choctaw County. Fraud case; insurance agent represented that insured would be covered on credit life policy even though agent misrepresented to insurer health problems of insured (which resulted in voiding of coverage). Verdict of $5 million for plaintiff. Alabama Supreme Court ultimately remits verdict to $1 million. Supreme Court found defendant's reprehensibility to be "high," but that such was mitigated by fact that agent's conduct was "an isolated incident, rather than the result of a standard operating procedure." *Id.* at 1121. Ratio of punitive to compensatory of the ultimate award is 68:1. *Id.* at 1126 (See, J., dissenting).

K.    *Union Mortgage Co. v. Barlow*, 595 So.2d 1335 (Ala. 1992). Trial in Circuit Court of Lowndes County. Fraud claimed in connection with a home improvement loan made by

the defendant through its agent, the contractor. Alabama Supreme Court affirmed a verdict of $150,000 in compensatory damages and $6,001,000 in punitive damages.

L.   ***Pacific Mutual Life Ins. Co. v. Haslip***, 553 So.2d 537 (Ala. 1989), *aff'd* 499 U.S. 1 (1991). Trial in Circuit Court of Jefferson County. Fraud case involving agent's collection of premiums on health and life policy and failure to remit same to insurer. Evidence of complaints against agent concerning agent. $1,040,000 verdict for plaintiff affirmed.

M.   ***Life Ins. Co. of Georgia v. Parker***, 706 So.2d 1108 (Ala. 1997). Trial in Circuit Court of Macon County. Fraud case; agent convinced insureds to cash out and replace life insurance policies with another policy which would not pay death benefits until policy had been in force for three years. Compensatory verdict of $4,276; punitive award of $200,000.

N.   ***First Commercial Bank v. Spivey***, 694 So.2d 1316 (Ala. 1997). Trial in Circuit Court of Jefferson County. Plaintiffs used the available funds from their construction line of credit, and renewed that line, after being falsely told that the bank would take care of an apparent shortfall in construction funds. Plaintiffs ultimately suffered financial reverses. In ensuing fraud suit, jury awarded one of the plaintiffs $500,000 in compensatory and $500,000 in punitive damages. The Supreme Court (which affirmed) noted that as much as $450,000 of the compensatory award could have been composed on damages for emotional distress.

O.   ***Life Ins. Co. of Georgia v. Smith***, ____ So.2d ____, 1998 Ala. LEXIS 186 (Ala. 1998). Trial in Circuit Court of Baldwin County. Fraud suit arising out of agent's sale of insurance policies to plaintiffs, having told them he was selling a "savings plan" or "retirement program." Jury verdict for plaintiffs for -0- in compensatory damages and $200,000 in punitive damages. Reversed on appeal by Alabama Supreme Court.

P.   ***Westry v. Coastal Ford***, CV-93-0409-DIJ (Feb. 7, 1994). Trial in Circuit Court of Mobile County. Plaintiff sued car dealership, claiming salesman misrepresented that car had not been wrecked and was in perfect condition. Compensatory damages of $7,000; punitive award of $150,000.

Q.   ***Spirit Nissan, Inc. v. Ogburn***, 572 So.2d 1248 (Ala. 1990). Trial in Circuit Court of Talladega County. Alleged intentional misrepresentation that car was equipped with power steering. $125,000 general verdict; held not excessive.

R.   ***Griggs v. Finley***, 565 So.2d 154 (Ala. 1990). Trial in Circuit Court of Madison County. Misrepresentations made to purchaser of real property concerning property's proximity to a public road and its suitability for a septic tank. Compensatory award of $70,000; $100,000 in punitive damages awarded. Affirmed on appeal.

S.    ***Buchanan v. Collier***, 555 So.2d 134 (Ala. 1989).  Trial in Circuit Court of Jefferson County.  Fraud claim brought by automobile purchaser, alleging that he was unable to acquire good certificate of title.  $100,000 verdict for plaintiff.

T.    ***Crown Life Ins. Co. v. Smith***, 657 So.2d 821 (Ala. 1994).  Trial in Circuit Court of Mobile County.  Insurance fraud case; plaintiffs alleged that agent converted funds from plaintiffs' whole life policies, and that company ratified agent's act.  Jury verdict for plaintiffs of $2 million compensatory and $2 million punitive damages.  Trial court remitted compensatory award to $250,000, leaving punitive verdict intact. Affirmed by Alabama Supreme Court.  Plaintiffs were "not seriously damaged financially," *id*. at 825; $250,000 judgment amount found to be appropriate compensation for plaintiffs' mental suffering.

U.    ***Hillcrest Center, Inc. v. Rone***, 711 So.2d 901 (Ala. 1997).  Trial in Circuit Court of Mobile County.   Building lessee sued lessor for fraud, contending that the latter misrepresented extent of parking spaces available to lessee in operation of hair salon. Compensatory award of $45,000; punitive verdict of $200,000 ultimately reduced to $94,000 by Alabama Supreme Court.

V.    ***Key v. Prudential Ins. Co.***, CV-93-479 (Aug. 28, 1995).  Trial in Circuit Court of Marshall County.  Plaintiff alleged that insurance agent misrepresented that no additional premium payments would be required.  Punitive damages awarded of $25 million.

W.    ***Parkham v. Ford Consumer Finance Co.***, CV-94-44-WHR (June, 1995).  Trial in Circuit Court of Bullock County.  Housing manufacturer allegedly conspired to conceal total finance charges applied to loan.  Jury verdict of $6,000 compensatory and $6 million punitive.

X.    ***Allen v. Liberty National Life Ins. Co.***, 699 So.2d 138 (Ala. 1997). Trial in Circuit Court of Jefferson County.  Insurer, without notifying insureds, reduced benefits to Medicare patients on basis of charges approved by Medicare. $40,000 compensatory verdict; $5.4 million punitive verdict.  Reversed by Alabama Supreme Court on appeal.

Y.    ***Bird v. Metropolitan Life Ins. Co.***, CV-94-257-SR (Aug. 1, 1995).  Trial in Circuit Court of Elmore County.  Plaintiff alleged that insurance agent misrepresented performance of a life insurance policy. $150,000 compensatory award; $1.75 million punitive award.

Z.    ***Palm Harbour Homes, Inc. v. Crawford***, 689 So.2d 3 (Ala. 1997).  Trial in Circuit Court of Russell County.  Plaintiff alleged that mobile home dealer misrepresented condition of mobile home at time of sale.   Ensuing trial case resulted in verdict of $113,000 compensatory and $1 million punitive.

AA.   ***Hall v. Gill's Auto Sales, Inc.***, CV-94-344-WTJ (July 27, 1995).  Trial in Circuit Court of Russell County.  Plaintiff alleged that used car dealer misrepresented condition of vehicle and odometer reading.   Compensatory award of $14,000; punitive award of $144,500.

BB.   *Coram v. Liberty Nat'l Life Ins. Co.*, CV-93-2100-DIJ (Nov. 17, 1994).  Trial in Circuit Court of Mobile County.  Agent of insurer charged with defrauding policyholder into replacing existing policies with other policies offering less coverage.  $100,000 compensatory award; $4.5 million awarded in punitive damages.

CC.   *Rawlinson v. Allstate Ins. Co.*, CV-93-25AA (Jan. 28, 1994).  Trial in Circuit Court of St. Clair County.  Fraud case involving plaintiff's purchase of boat owner's policy on used houseboat.  Compensatory damages of $24,000; punitives of $976,000 awarded.

DD.   *Vintage Enterprises, Inc. v. Jaye*, 547 So.2d 1169 (Ala. 1989) Trial in Circuit Court of Tallapoosa County.  Compensatory damages of $20,000 and punitives of $500,000 awarded to buyers of mobile home, where defects were known by defendant after manufacture but before delivery to plaintiffs.  Affirmed on appeal.

EE.   *Reinhardt Motors, Inc. v. Boston*, 516 So.2d 509 (Ala. 1986).  Trial in Circuit Court of Montgomery County.  General verdict (including both compensatory and punitive damages) of $100,480, arising out of claim of fraud in connection with repairs to plaintiff's automobile.  Affirmed on appeal.

FF.   *State Farm Fire & Casualty Co. v. Lynn*, 516 So.2d 1373 (Ala. 1987).  Trial in Circuit Court of Autauga County.  Verdict of $25,000 compensatory and $250,000 punitive damages returned for plaintiff in a case involving misrepresentation of the coverage afforded under an insurance policy.  Compensatory damages remitted; punitive award affirmed on appeal.

GG.   *North Carolina Mut. Life Ins. Co. v. Holley*, 533 So.2d 497 (Ala. 1987).  Trial in Circuit Court of Tallapoosa County. $1 million verdict in fraud suit against insurer, where agent misrepresented or suppressed facts concerning coverage.  Affirmed on appeal.

HH.   *Alfa Mut. Ins. Co. v. Northington*, 561 So.2d 1041 (Ala. 1990).  Trial in Circuit Court of Autauga County. $300,000 punitive verdict in fraud case alleging that insurance agent misrepresented that mobile home policy would "automatically" provide coverage for loss due to theft.  Affirmed on appeal.

II.   *McDowell v. Key*, 557 So.2d 1243 (Ala. 1990).  Trial in Circuit Court of Jefferson County.  General verdict for $200,000 for homeowners in fraud suit against sellers, for misrepresentations concerning boundaries of property.  Actual damages found by the jury to be $10,000; remainder of award for mental anguish and punitive damages.

JJ.   *Land & Assocs., Inc. v. Simmons*, 562 So.2d 140 (Ala. 1989).  Trial in Circuit Court of Mobile County.  General verdict of $2.5 million returned in fraud case, arising out of misrepresentations by agent concerning coverage.  Remitted to $600,000 by trial court; affirmed on appeal.

1/1459408.1                                    5

KK.  *Assocs. Financial Services Co. of Alabama, Inc. v. Barbour*, 592 So.2d 191 (Ala. 1991). Trial in Circuit Court of Mobile County. Plaintiff property owners claimed fraud against finance company, based on misrepresentations made by company concerning status of title to property. Compensatory damages awarded of $7,500; $350,000 in punitive damages awarded. Affirmed on appeal.

LL.  *Parker v. Weston*, CV 93-1585 (June 1, 1998). Trial in Circuit Court of Jefferson County. Plaintiff contended that defendant, a financial planner, misrepresented and suppressed facts in connection with investments offered to her. $400,000 compensatory and $600,000 punitive damage verdict. Facts of case reported at 695 So.2d 11 (Ala. 1996).

MM.  *Sparks v. Cash America, Inc. of Alabama*, CV 97-0683 (June 3, 1998). Trial in Circuit Court of Mobile County. Plaintiff alleged that he was fraudulently induced to relocate his employment to Mobile, and that defendant employer also misrepresented and suppressed facts in connection with the employer's incentive compensation plan. Plaintiff claimed financial losses of $25,700 and mental anguish. Jury verdict for plaintiff of $150,000 compensatory and $1 million punitive. Remittitur by trial court to $75,000 compensatory and $225,000 punitive.

NN.  *Bone v. Sizemore*, CV 95-2630 (Jan. 12, 1998). Trial in Circuit Court of Jefferson County. Suit for fraud in connection with investments offered to plaintiff. Plaintiff contended that defendants undertook a scheme to defraud numerous investors by playing on investors' religious beliefs. Compensatory damage verdict of $280,000; punitive damages awarded of $3,080,000.

OO.  *Village East and Assocs. v. Valley Restaurant*, CV 94-5597 (Feb. 9, 1998). Trial in Circuit Court of Jefferson County. Suit by plaintiff landlord for violation of a commercial lease by defendant restaurant. Defendant counterclaimed for fraud and intentional interference, alleging that plaintiff had forced it to shut down restaurant, and had suppressed material facts related to noise complaints. Plaintiff was awarded $120,375.77 by jury on its claim. Defendant was awarded $2 in compensatory damages on its counterclaim, and $620,377.77 in punitive damages.

PP.  *Bailey v. Sharp and Assocs.*, CV 96-6736 (April 6, 1998). Trial in Circuit Court of Jefferson County. Plaintiff contended that defendants defrauded him by failing to provide auto insurance coverage as promised. He also alleged that the insurer were negligent and wanton in hiring and supervising its agent. Jury returned a verdict of $85,000 compensatory and $110,000 punitive against defendants.

QQ.  *Benson v. German Auto*, CV 92-1640 (Feb. 12, 1996). Trial in Circuit Court of Jefferson County. Plaintiff claimed that defendant auto dealer and salesman misrepresented condition of used automobile, knowing that it had in fact been wrecked, repaired and repainted. Verdict for plaintiffs of $25,000 compensatory and $60,000 punitive.

RR. *University Auto Sales v. Genmar Industries, Inc.*, CV 94-1382 (May 19, 1997). Trial in Circuit Court of Jefferson County. Plaintiff company alleged that defendants fraudulently breached oral contracts to display boats at a boat show. Jury returned compensatory damage award of $150,000, and punitive award of $450,000.

SS. *A.T. Stephens Enterprises, Inc. v. Scott Transportation, Inc.*, CV 95-6415 (July 28, 1998). Trial in Circuit Court of Jefferson County. Plaintiff alleged that defendants fraudulently breached a contract involving the leasing of trucks and drivers. Plaintiff contended that defendants engaged in a conspiracy to steal corporation's assets and defraud its creditors. Jury verdict for plaintiff for $207,386.81 in compensatory damages, and $150,000 in punitive damages.

TT. *Goodyear Tire & Rubber Co. v. Washington*, 1998 Ala. LEXIS 86 (Ala. Mar. 13, 1998). Trial in Circuit Court of Macon County. Plaintiff contended that defendant defrauded her in connection with work done on her car and tires sold to her. Jury verdict for $100,000 compensatory and $150,000 punitive. Compensatory award was overwhelmingly for mental anguish damages. Judgment entered for $187,500 taking into account pre-trial pro tanto settlement by other defendants. Affirmed on appeal.

UU. *Deupree v. Butner*, 522 So.2d 242 (Ala. 1988). Trial in Circuit Court of Talledega County. Purchasers of townhouse sued developer for breach of contract and fraud after developer promised purchasers that they could construct a boat slip for the townhouse, but the State of Florida would not grant the necessary permits to do so. Jury verdict for plaintiffs for $20,001 in compensatory damages and $59,000 in punitive damages. Affirmed on appeal.

VV. *American Pioneer Life Ins. Co. v. Williamson*, 704 So.2d 1361 (Ala. 1997). Trial in Circuit Court of Jefferson County. Plaintiff insurance agent sued insurer, claiming fraud in connection with termination of his employment and insurer's refusal to pay him commissions. Jury verdict for $250,000 in compensatory damages and $3 million in punitive damages. Punitive award ultimately reduced on appeal to $750,000.

WW. *Talent Tree Personnel Services, Inc. v. Fleenor*, 703 So.2d 917 (Ala. 1997). Trial in Circuit Court of Jefferson County. Claim of fraud and suppression in a dispute involving sales commissions owed to plaintiff. Jury verdict of $300,000 compensatory damages and $3 million in punitive damages. At least $114,000 of compensatory award represented mental anguish damages. Punitive award ultimately remitted to $1.5 million by Alabama Supreme Court.

XX. *Fant v. Champion Aviation, Inc.*, 689 So.2d 32 (Ala. 1997). Trial in Circuit Court of Jefferson County. Fraud and negligence claimed in connection with faulty repairs to plaintiff's airplane, resulting in damage to plane. Jury awarded plaintiff $51,011.79 in compensatory damages and $100,000 in punitive damages. Affirmed on appeal.

YY. *Liberty Nat'l Life Ins. Co. v. Caddell*, 701 So.2d 1132 (Ala. Civ. App. 1997). Trial in Circuit Court of Bullock County. Insured claimed fraud and conversion arising out of

insurer's deduction of premium payments from insured's bank account after policy had been canceled. $50,000 in compensatory damages and $100,000 in punitive damages awarded by jury. Compensatory award was exclusively for mental anguish. Affirmed on appeal.

ZZ. *Alfa Mut. Ins. Co. v. Northington*, 561 So. 2d 1041 (Ala. 1990). Trial in Circuit Court of Autauga County. Punitive damage award of $300,000 based on claim of fraud in the inducement of insurance contract; involved $3,057 in actual damages. Affirmed on appeal.

AAA. *Johnson v. Mercury Finance Co.*, CV-93-52 (August 5, 1994). Trial in Circuit Court of Barbour County. Used car buyer charged fraudulent suppression against lender, regarding failure to disclose $1,000 discount for which defendant purchased non-recourse note. Jury returned verdict of $90,000 compensatory damages and $50 million in punitive damages.

BBB. *Davis v. Assocs. Financial Services Co.*, CV-93-38 (Mar. 11, 1994). Trial in Circuit Court of Lowndes County. Plaintiff sued lender, claiming that her signature had been forged on note for loan made to ex-husband. Plaintiff was subsequently dunned for two months' payments after ex-husband defaulted. $1.5 million compensatory and $33 million punitive verdict.

CCC. *Gallant v. Prudential Ins. Co.*, CV-93-50. Trial in Circuit Court of Barbour County. Plaintiffs sued for fraud, contending that insurance agent misled policyholders concerning coverage during sales presentations; allegation that fraud was part of pattern and practice. Approximately $600 in actual damages; $25 million awarded in punitive damages.

DDD. *National Security Ins. Co. v. Donaldson*, CV-93-78 (Feb. 10, 1994). Trial in Circuit Court of Russell County. Executive of insurance company sued claiming fraud and retaliatory discharge after being fired. Compensatory award of $500,000; punitive award of $3 million.

EEE. *Fenn v. Liberty Nat'l Life Ins. Co.*, CV-93-49 (Aug. 3, 1994). Trial in Circuit Court of Barbour County. Insurance agent allegedly misrepresented cash value and future interest rate on policy; claim of wanton training and supervision against company. $2.5 million punitive verdict.

1: 06- cv - 1011-MHT

# EXHIBIT

## "C"

**POST-GORE PUNITIVE DAMAGES CHART**

**Bradley Arant**
BRADLEY ARANT ROSE & WHITE LLP

1819 Fifth Avenue North
Birmingham, AL 35203
Telephone (205) 521-8000
Facsimile (205) 521-8800

**ALABAMA COURTS AND ELEVENTH CIRCUIT**

| CASE | CITE | TYPE OF CLAIM | PUNITIVE DAMAGES AWARDED IN TRIAL COURT | COMPENSATORY DAMAGES AWARDED IN TRIAL COURT | ORIGINAL RATIO | PUNITIVE DAMAGES UPHELD ON APPEAL | COMPENSATORY DAMAGES UPHELD ON APPEAL | FINAL RATIO |
|---|---|---|---|---|---|---|---|---|
| Mercy Medical v. Gray | — So. 2d —, 2002 WL 31888164 (Ala. Civ. App. Dec. 30, 2002) | Worker's Compensation/ Retaliation | $91,160 | $8,840 | 10.1:1 | $91,160 | $8,840 | 10.3:1 |
| Guaranty Pest Control, Inc. v. Bush | — So. 2d —, 2002 WL 31888157 (Ala. Civ. App. Dec. 30, 2002) | Fraud/Breach of Contract (Termite Inspection) | $79,166.66 | $69,020 | 1.1:1 | $0 | $69,020 | — |
| National Ins. Ass'n v. Sockwell | 829 So. 2d 111 (Ala. 2002) | Insurance/Bad Faith | 600,000 | 201,000 | 3-1 | 600,000 | 201,000 | 3:1 |
| Horton Homes, Inc. v. Brooks | — So. 2d —, 2001 WL 1520623 (Ala. Nov. 30, 2001) | Breach of Warranty | 600,000 | 150,000 | 4:1 | 150,000 | 150,000 | 1:1 |
| Orkin Exterminating Co. v. Jeter | — So. 2d —, 2001 WL 1391443 (Ala. Nov. 9, 2001) | Fraud/Breach of Contract (Termite Inspection) | 4,000,000 (remitted from 80,000,000) | 400,000 (remitted from 800,000) | 10:1 | 2,000,000 | 300,000 | 6.6:1 |
| Johns v. A.T. Stephens Enterprises, Inc. | 815 So. 2d 511 (Ala. 2001) | Breach of Contract/Conspiracy to Steal or Convert | 150,000 | 162,000 | 0.925:1 | 150,000 | 162,000 | 0.925:1 |
| Middlebrooks v. Hillcrest Foods, Inc. | 256 F.3d 1241 (11th Cir. 2001) | Intentional Infliction of Emotional Distress | 400,000 (aggregate for 8 plaintiffs) | 40,000 (aggregate for 8 plaintiffs) | 10:1 | 400,000 | 40,000 | 10:1 |

1

C
ALL-STATE LEGAL®

1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

| Case | Citation | Claim | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Acceptance Ins. Co. v. Brown | — So. 2d —, 2001 WL 729283 (Ala. June 29, 2001) | Bad Faith/Failure to Defend or Indemnify | 300,000 (remitted from 1,200,000) | 105,000 (remitted from 250,000) | 3:1 | 180,000 | 60,000 | 3:1 |
| Lambert v. Fulton County | 253 F.3d 588 (11th Cir. 2001) | Title VII/Reverse Discrimination | 675,000 (aggregate for 3 plaintiffs) | 150,000 (aggregate for 3 plaintiffs) | 4.5:1 | 675,000 | 150,000 | 4.5:1 |
| Wholesale Motors v. Williams | 814 So. 2d 227 (Ala. 2001) | Fraud | 75,000 | 1,457 | 51:1 | 20,000 | 1,457 | 14:1 |
| AutoZone, Inc. v. Leonard | 812 So. 2d 1179 (Ala. 2001) | Worker's Comp./Retaliation | 275,000 (remitted from 750,000) | 75,000 (remitted from 200,000) | 3.7:1 | 275,000 | 75,000 | 3.7:1 |
| Travelers Indemnity Co. of Illinois & Crawford & Co. v. Griner | 809 So. 2d 808 (Ala. 2001) | Fraud Outrage | 200,000 | 300,000 | 1:1.5 | 200,000 | 300,000 | 1:1.5 |
| Ex parte Liberty National Life Ins. Co. | 797 So. 2d 457 (Ala. 2001) | Fraudulent Suppression | 150,000 (remitted from 200,000) | 1,350 | 111:1 | 30,000 | 367.04 | 82:1 |
| New Plan Realty Trust v. Morgan | 792 So. 2d 351 (Ala. 2000) | Trespass/Conversion | 100,000 | 100,000 | 1:1 | 100,000 | 100,000 | 1:1 |
| Sparks v. Cash America International, Inc. | 789 So. 2d 231 (Ala. 2000) | Breach of Contract Fraud | 225,000 (remitted from 1,000,000) | 75,000 (remitted from 150,000) | 3:1 | 225,000 | 75,000 | 3:1 |
| Wal-Mart Stores, Inc. v. Goodman | 789 So. 2d 166 (Ala. 2000) | Malicious Prosecution | 3,000,000 | 200,000 | 15:1 | 600,000 | 200,000 | 3:1 |
| Cooper & Co. v. Lester | — So. 2d —, 2000 WL 1868433 (Ala. Dec. 22, 2000) | Fraud | 250,000 / 250,000 / 250,000 / 250,000 | 63,887.50 / 76,460.00 / 59,512.50 / 85,155.00 | 3.9:1 / 3.3:1 / 4.2:1 / 3:1 | 191,663 / 229,380 / 178,538 / 250,000 | 63,887.50 / 76,460.00 / 59,512.50 / 85,155.00 | 3:1 / 3:1 / 3:1 / 3:1 |
| Liberty National Life Ins. Co. v. Sanders | 792 So. 2d 1069 (Ala. 2000) | Fraud/negligent hiring and supervision | 135,000 | 10,000 | 13.5:1 | 60,000 | 10,000 | 6:1 |

1819 Fifth Avenue North
Birmingham, AL 35203
Telephone (205) 521-8000
Facsimile (205) 521-8500

| Case | Citation | Type of Claim | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Tyson Foods, Inc. v. Stevens | 783 So. 2d 804 (Ala. 2000) | Nuisance, Negligence Trespass | 75,000 | 2,500 | 30:1 | 25,000 | 2,500 | 10:1 |
| Williams v. Williams | 786 So. 2d 477 (Ala. 2000) | Fraud | 150,000 | 200,000 | 0.75:1 | 0 | 200,000 | -- |
| Synco Corp. v. Suttles | 814 So. 2d 873 (Ala. Civ. App. 2000), *cert. quashed,* Sept. 7, 2001 | Retaliatory Discharge | 75,000 | 10,000 | 7.5:1 | 75,000 | 10,000 | 7.5:1 |
| Prudential Ballard Realty Co., Inc. v. Weatherly | 792 So. 2d 1045 (Ala. 2000) | Fraud | 1,250,000 (remitted from $2,500,000) | 250,000 | 5:1 | 750,000 | 250,000 | 3:1 |
| Conagra, Inc. v. Turner | 776 So. 2d 792 (Ala. 2000) | Retaliatory Discharge | 250,000 | 50,000 | 5:1 | 250,000 | 50,000 | 5:1 |
| KMart Corp. v. West | 779 So. 2d 1188 (Ala. 2000) | Premises Liability Negligence | 250,000 | 63,000 | 4:1 | 250,000 | 63,000 | 4:1 |
| U.S. Equal Employment Opportunity Commission v. W&O, Inc. | 213 F.3d 600 (11th Cir. 2000) | Pregnancy Discrimination | 300,000 (aggregate for 3 plaintiffs) | 36,257.13 (back pay for 3 plaintiffs) | 8.3:1 | 300,000 | 36,257.13 (not challenged on appeal) | 8.3:1 |
| Hobart Corp. v. Scoggins | 776 So. 2d 56 (Ala. 2000) | Products Liability | 2,500,000 (remitted from 10,000,000) | 260,000 (remitted from 510,000) | 9.5:1 | 0 | 0 | -- |
| Oliver v. Towns | 770 So. 2d 1059 (Ala. 2000) | Conversion (default judgment) | 249,000 (remitted from 1,000,000) | 500,000 | 0.5:1 | 249,000 | 75,000 | 3.3:1 |
| KMart Corp. v. Peak | 757 So. 2d 1138 (Ala. 1999) | Premises liability/ negligence | 225,000 | 100,000 | 2.25:1 | 225,000 | 100,000 | 2.25:1 |
| Chrysler Corp. v. Schiffer | 736 So. 2d 538 (Ala. 1999) | Contract breach/fraud | 325,000 | 50,000 | 6.5:1 | 150,000 | 50,000 | 3:1 |
| USA Petroleum Corp. v. Hines | 770 So. 2d 589 (Ala. 1999) | Assault and Battery/ Respondeat Superior | 200,000 | 200,000 | 1:1 | 200,000 | 200,000 | 1:1 |
| Tillis Trucking Co., Inc. v. Moses | 748 So. 2d 874 (Ala. Nov. 12, 1999) | Wrongful Death | 7,000,000 | 0 | -- | 1,500,000 | 0 | -- |
| McKowan v. Bentley | 773 So. 2d 990, 1999 WL 667290 (Ala. Aug. 27, 1999) | Wrongful Death/Medical Malpractice | 2,000,000 | 0 | -- | 2,000,000 | 0 | -- |

1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

| Case | Citation | Type | | | | | |
|---|---|---|---|---|---|---|---|
| Gold Kist, Inc. v. Hood | 773 So. 2d 1031 (Ala. Civ. App. 1999) | Worker's Comp./ Retaliation | 95,000 | 5,000 | 19:1 | 95,000 | 19:1 |
| Johansen v. Combustion Engineering, Inc. | 170 F.3d 1320 (11th Cir. 1999), *cert. denied*, 120 S. Ct. 329 (1999) | Nuisance/Trespass/ Pollution | 15,000,000 | 47,000 | 319:1 | 4,350,000 | 100:1 |
| Alfa Mut. Fire Ins. Co. v. Thomas | 738 So. 2d 815 (Ala. 1999) | Insurance Fraud | 50,000 | 15,000 | 3.3:1 | 40,000 | 4:1 |
| Seale v. Pearson | 736 So. 2d 1108 (Ala. Civ. App. 1999) | Trespass, Negligence, Wantonness | 29,000 | 23,000 | 1.26:1 | 29,000 | 1.26:1 |
| Lance, Inc. v. Ramanauskas | 731 So. 2d 1204 (Ala. 1999) | Wrongful Death | 13,000,000 | 0 | — | 4,000,000 | — |
| Chrysler Corp. v. Schiffer | 736 So. 2d 538 (Ala. 1999) | Fraud | 325,000 | 50,000 | 6.5:1 | 150,000 | 3:1 |
| Gray Brown – Service Mortuary, Inc. v. Lloyd | 729 So. 2d 280 (Ala. 1999) | Outrage, Abuse of a Corpse, Etc. | 1,500,000 | 500,000 | 3:1 | 1,500,000 | 3:1 |
| Life Insurance Company of Georgia v. Parker | 726 So. 2d 619 (Ala. 1998) | Insurance Fraud | 200,000 | 4,276 | 46.8:1 | 4,276 (general verdict) | 35:1 |
| Montgomery Coca-Cola Bottling Co., Ltd v. Golson | 725 So. 2d 996 (Ala. Civ. App. 1998) | Workers' Comp./ Retaliation | 200,000 | 94,000 | 2.1:1 | 200,000 | 2.1:1 |
| K-Mart Corp. v. Kyles | 723 So. 2d 572 (Ala. 1998) | Malicious Prosecution | 100,000 | 100,000 | 1:1 | 100,000 | 6.6:1 |
| Life Ins. Co. of Georgia v. Smith | 719 So. 2d 797 (Ala. 1998) | Insurance Fraud | 200,000 | 0 | 200,000:1 | (Vacated for lack of compensatory damages) 0 | — |
| Employees Benefit Assn. v. Grissett | 732 So. 2d 968 (Ala. 1998) | Bad Faith Refusal to Pay Ins. | 150,000 | 880 | 170.5:1 | 15,000 | 17:1 |
| Wal-Mart Stores, Inc. v. Robbins | 719 So. 2d 245 (Ala. Civ. App. 1998) | Misfiled Prescription | 190,000 | 10,000 | 19:1 | 190,000 | 19:1 |
| Bryant v. Bryant Welding | 710 So. 2d 900 (Ala. 1998) | Misappropriation/ Embezzlement | 226,000 | 100,000 | 2.26:1 | 226,000 | 2.26:1 |

| Case | Citation | Claim | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Strickland v. Liberty Nat'l Life Ins. Co. | 710 So. 2d 423 (Ala. 1998) | Insurance Fraud | 5,000,000 | 100 | 50,000:1 | 37,500 | 100 | 375:1 |
| Patel v. Patel | 708 So. 2d 159 (Ala. 1998) | Breach of Contract/Fraud | 225,000 | 86,000 | 2.6:1 | 225,000 | 86,000 | 2.6:1 |
| Cherokee Elec. Co-Op. v. Cochran | 706 So. 2d 1188 (Ala. 1997) | Wrongful Death | 3,000,000 | 0 | – | 3,000,000 | 0 | – |
| Leak Stop, Inc. v. Keenan | 705 So. 2d 479 (Ala. Civ. App. 1997) | Wrongful Termination/Workers' Comp. | 80,000 | 9,000 | 8.8:1 | 80,000 | 9,000 | 8.8:1 |
| Talent Tree Personnel Srvs., Inc. v. Fleenor | 703 So. 2d 917 (Ala. 1997) | Breach of Contract/Fraud | 3,000,000 | 300,000 | 10:1 | 1,500,000 | 300,000 | 5:1 |
| Ford Motor Co. v. Sperau | 708 So. 2d 111 (Ala. 1997) | Fraud | 6,000,000 | 1,692,000 | 3.5:1 | 1,792,000 | 1,692,000 | 1.1:1 |
| American Pioneer Life v. Williamson | 704 So. 2d 1361 (Ala. 1997) | Breach of Contract/Fraud | 3,000,000 | 250,000 | 12:1 | 750,000 | 250,000 | 3:1 |
| Union Sec. Life Ins. Co. v Crocker | 709 So. 2d 1118 (Ala. 1997) | Insurance Fraud | 2,000,000 | 16,000 | 125:1 | 1,000,000 | 16,000 (general verdict) (?) | 62.5:1 (?) |
| Life Ins. Co. of Georgia v. Johnson | 701 So. 2d 524 (Ala. 1997) | Insurance Fraud | 15,000,000 | 250,000 | 60:1 | 3,000,000 | 250,000 | 12:1 |
| Hillcrest Center, Inc. v. Rone | 711 So. 2d 901 (Ala. 1997) | Fraudulent Inducement | 130,000 | 47,000 | 2.8:1 | 94,000 | 47,000 | 2:1 |
| BMW of N.A., Inc. v. Gore | 701 So. 2d 507 (Ala. 1997) | Fraud | 4,000,000 | 4,000 | 1,000:1 | 50,000 | 4,000 | 12.5:1 |
| First Commercial Bank v. Spivey | 694 So. 2d 1316 (Ala. 1997) | Breach of Contract/Fraud | 500,000 | 500,000 | 1:1 | 500,000 | 500,000 | 1:1 |
| Foremost Ins. Co. v. Parham | 693 So. 2d 409 (Ala. 1997) | Insurance Fraud | 7,500,000 / 7,500,000 | 6,500 / 6,000 | 1,153.8:1 / 1,250:1 | 175,000 / 173,000 | 1,800 / 1,400 | 97:1 / 123:1 |

1819 Fifth Avenue North
Birmingham, AL 35203
Telephone (205) 521-8000
Facsimile (205) 521-8800

1: 06-cv- 1011-MHT

# EXHIBIT

# "D"

```
AVSO351                                                          CV 2006 000623.00
                                           JUDGE: JERRY M. WHITE
-------------------------------------------------------------------------------
                        ALABAMA JUDICIAL DATA CENTER
                            CASE ACTION SUMMARY
                              CIRCUIT CIVIL
-------------------------------------------------------------------------------
   IN THE CIRCUIT COURT OF HOUSTON        COUNTY
   MATTHEW FELLOWS AND FELLOWS TRANSPORT LLC VS GREAT DANE TRAILERS ET AL
FILED: 10/03/2006 TYPE: FRAUD/BAD FAITH      TYPE TRIAL: NON-JURY  TRACK:
*******************************************************************************
DATE1:                CA:                  CA DATE:
DATE2:                AMT:        $.00      PAYMENT:
DATE3:
*******************************************************************************
  PLAINTIFF   001: FELLOWS MATTHEW
                                        ATTORNEY: STOREY RON
                                        STO015    P O BOX 6567
                      AL  00000-0000
                      PHONE: (334)000-0000
  ENTERED:  10/03/2006 ISSUED:                    DOTHAN, AL  36302
  SERVED:                ANSWERED:       TYPE:              (205)793-7635
                                        JUDGEMENT:
-------------------------------------------------------------------------------
  PLAINTIFF   002: FELLOWS TRANSPORT LLC
                                        ATTORNEY: STOREY RON
                                        STO015    P O BOX 6567
                      AL  00000-0000
                      PHONE: (334)000-0000
  ENTERED:  10/03/2006 ISSUED:                    DOTHAN, AL  36302
  SERVED:                ANSWERED:       TYPE:              (205)793-7635
                                        JUDGEMENT:
-------------------------------------------------------------------------------
  DEFENDANT   001: GREAT DANE TRAILERS
                   1208 BANKHEAD HIGHWAY W   ATTORNEY:

                   BIRMINGHAM, AL 35204-0000
                   PHONE: (334)000-0000
  ENTERED:  10/03/2006 ISSUED: 10/04/2006 TYPE:   SHERIFF
  SERVED:   10-17-06   ANSWERED:           JUDGEMENT:
-------------------------------------------------------------------------------
  DEFENDANT   002: GREAT DANE LIMITED PARTNERSHIP
                   % NATIONAL REGISTERED AGT  ATTORNEY:
                   150 SOUTH PERRY STREET
                   MONTGOMERY, AL  36104-0000
                   PHONE: (334)000-0000
  ENTERED:  10/03/2006 ISSUED: 10/04/2006 TYPE:   SHERIFF
  SERVED:   10-12-06   ANSWERED:           JUDGEMENT:
-------------------------------------------------------------------------------
-------|-----------------------------------------------------------------------
-------|-----------------------------------------------------------------------
-------|-----------------------------------------------------------------------
-------|-----------------------------------------------------------------------
-------|-----------------------------------------------------------------------
-------|-----------------------------------------------------------------------
-------|-----------------------------------------------------------------------
-------|-----------------------------------------------------------------------
-------|-----------------------------------------------------------------------
-------|-----------------------------------------------------------------------
LIL  10/04/2006                                                 CV 2006 000623.00
```



AVSO353

ALABAMA JUDICIAL DATA CENTER
FEE SHEET
CIRCUIT CIVIL                          CASE:CV 2006 000623.00

IN THE CIRCUIT COURT OF HOUSTON        COUNTY    JUDGE: JERRY M. WHITE

MATTHEW FELLOWS AND FELLOWS TRANSPORT LLC VS GREAT DANE TRAILERS ET AL
PATTY:STOREY RON                       DATTY:
     P O BOX 6567

     DOTHAN, AL  36302

| CIVIL FEE SUMMARY | DATE | DATE | DATE | DATE | CONTINUATION | DATE | DATE | DATE | DATE |
|---|---|---|---|---|---|---|---|---|---|
| | AMT | AMT | AMT | AMT | | AMT | AMT | AMT | AMT |
| DOCKET FILING FEE | | | | | | | | | |
| SM(<)    $37.00 | | | | | OTHER SERVICES | | | | |
| SM(>)   $111.00 | | | | | COMMISSION ON SALE | | | | |
| DIST    $202.00 | | | | | JUDGEMENTS | | | | |
| CIRC    $201.00 | | | | | POST JUDGEMENT FEE | | | | |
| JU/CS   $104.00 | | | | | ATTACHMENTS | | | | |
| LAW LIBRARY TAX | 2.00 | | | | GARNISHMENTS | | | | |
| JURY DEMAND | | | | | EXECUTION | | | | |
| SERVICE FEES | | | | | APPEAL COSTS | | | | |
| EACH DEF OVER | | | | | LOWER COURT COSTS | | | | |
| | | | | | OTHER | | | | |
| CERT MAIL | | | | | COURT ADM FUND | | | | |
| SUBPOENA EACH | | | | | FAMILY COURT | | | | |
| ABND VEH    $37.00 | | | | | SHERIFF'S FEE | | | | |
| WORKERS | | | | | | | | | |
| COMP       $149.00 | | | | | TOTAL COSTS | | | | |

| CASH RECEIPTS/FROM | DATE RECEIVED | RECEIPT NUMBER | AMOUNT RECEIVED | GARNISHEE |
|---|---|---|---|---|
| J Ron Storey | 10-20-06 | 31625 | $ 411.00 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| DISBURSEMENTS PAID TO | | DATE PAID | CHECK NO | AMOUNT PAID |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

LIL   10/04/2006

*Original* SANDRA ALLEN

AVS0350

**ALABAMA JUDICIAL DATA CENTER**
**HOUSTON     COUNTY**

**SUMMONS**

CV 2006 000623.00

-----------------------------------------------------------

IN THE CIRCUIT   COURT OF  HOUSTON     COUNTY

MATTHEW FELLOWS AND FELLOWS TRANSPORT LLC VS GREAT DANE TRAILERS ET AL

SERVE ON: (D001)

SSN: 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                              PLAINTIFF'S ATTORNEY

GREAT DANE TRAILERS                           STOREY RON
1208 BANKHEAD HIGHWAY W                        P O BOX 6567
BIRMINGHAM       ,AL  35204-0000              DOTHAN          ,AL  36302-0000

-----------------------------------------------------------

TO THE ABOVE NAMED DEFENDANT:

  THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

-----------------------------------------------------------

(X)  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
     4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
     YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
     COMPLAINT IN THIS ACTION UPON DEFENDANT.

( )  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
     WRITTEN REQUEST OF                        PURSUANT TO RULE 4.1(C)
     OF THE ALABAMA RULES OF CIVIL PROCEDURE

  DATE: 10/04/2006
                                        CLERK: JUDY BYRD
                                               PO DRAWER 6406
                                               DOTHAN  AL  36302

-----------------------------------------------------------

  RETURN ON SERVICE:

( )  CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
     (RETURN RECEIPT HERETO ATTACHED)

( )  I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND
     COMPLAINT TO

     IN ~~Executed this the~~ OCT 1 7 2006 ~~day of~~ COUNTY, ALABAMA ON (DATE) _____

DATE on

SERVER ADDRESS *Great Dane Trailers*          ~~SERVER SIGNATURE THE DEFENDANT~~

                                              ~~BY LEAVING A COPY OF THE SUMMONS~~
                                              ~~AND COMPLAINT AT THE DEFENDANT'S~~
                                              ~~PLACE OR USUAL PLACE OF~~
-----------------------------------------------------------
OPERATOR: LIL
PREPARED: 10/04/2006
              By leaving a copy of within with
     *SANDRA ALLEN*                           OF OCT 1 7 2006
         agent                                ~~MIKE HALE, SHERIFF~~
                                                                    D.S.
     MIKE HALE, Sheriff
     Jefferson County, Alabama
            *Berry*
                        D.S.

RCVD OCT 09 2006 10:20

*Original*

AVSO350

ALABAMA JUDICIAL DATA CENTER
HOUSTON          COUNTY

SUMMONS

CV 2006 000623.00

IN THE CIRCUIT  COURT OF  HOUSTON      COUNTY

MATTHEW FELLOWS AND FELLOWS TRANSPORT LLC VS GREAT DANE TRAILERS ET AL

SERVE ON: (D002)

SSN: 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

GREAT DANE LIMITED PARTNERSHIP
% NATIONAL REGISTERED AGT
150 SOUTH PERRY STREET
MONTGOMERY    ,AL  36104-0000

PLAINTIFF'S ATTORNEY

STOREY RON
P O BOX 6567

DOTHAN        ,AL  36302-0000

TO THE ABOVE NAMED DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

(X) TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
    4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
    YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
    COMPLAINT IN THIS ACTION UPON DEFENDANT.

( ) THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
    WRITTEN REQUEST OF                          PURSUANT TO RULE 4.1(C)
    OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 10/04/2006

CLERK: JUDY BYRD
PO DRAWER 6406
DOTHAN  AL  36302

RETURN ON SERVICE:

( ) CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
    (RETURN RECEIPT HERETO ATTACHED)

( ) I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND

    COMPLAINT TO _____

    IN _____ COUNTY, ALABAMA ON (DATE) _____

DATE _____          _____
                                        SERVER SIGNATURE

SERVER ADDRESS _____          _____
                                        TYPE OF PROCESS SERVER

OPERATOR: LIL
PREPARED: 10/04/2006

**FILED**

# IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

OCT 03 2006

MATTHEW FELLOWS and      \*
FELLOWS TRANSPORT, LLC,

     \*

        PLAINTIFFS,      \*

*Judy Byrd*
JUDY BYRD, CLER
HOUSTON CO., Al

VS.      \*

     \*     CASE NO. *CV-06-623 W*

GREAT DANE TRAILERS and
GREAT DANE LIMITED      \*
PARTNERSHIP,

     \*

        DEFENDANTS.

## COMPLAINT

Come now the Plaintiffs, by and through their undersigned attorney, and states as follows:

(1)     Plaintiff, Matthew Fellows, is a resident of the State of Alabama residing at 329 N. County Road, Ashford, Alabama 36312.

(2)     Plaintiff, Fellows Transport, LLC, is an Alabama limited liability company whose principal address is 329 N. County Road, Ashford, Alabama 36312.

(3)     Defendants, Great Dane Trailers and Great Dane Limited Partnership, are limited partnerships whose principal address is 222 N. LaSalle Street, Suite 1000, Chicago, IL 60601.

### COUNT I
### (Breach of Contract)

(4)     On or about February 14, 2006, Plaintiffs and Defendants entered into an agreement by which Defendants promised to sell to the Plaintiffs and the Plaintiffs agreed to purchase from the Defendants a "new" Great Dane 2006

1

Model Great Dane 7011TZ-1ASLT Refrigerated trailer with Carrier XT cooling unit for the sum of $50,438.35.

(5)    Plaintiffs paid the said sum to the Defendants and the Defendants delivered a trailer to the Plaintiffs.

(6)    The trailer, however, had been damaged in its manufacture or subsequent thereto and attempts were made to "repair" the trailer by partially refinishing and painting it.

(7)    Defendants, therefore, breached the contract with the Plaintiffs by failing to perform their obligations pursuant to said agreement by failing to deliver to the Plaintiffs a new trailer and as a proximate result of said breach, Plaintiffs were caused to suffer damages.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages in a sum which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained, plus interest and costs of court.

## COUNT II
### (Breach of Warranty)

(8)    On or about February 14, 2006, Plaintiffs purchased from the Defendants a "new" Great Dane 2006 Model Great Dane 7011TZ-1ASLT Refrigerated trailer with Carrier XT cooling unit for the sum of $50,438.35, and Defendants expressly warranted that the "new trailer shall be free from defects in materials and workmanship."

(9)    The trailer, however, had been damaged in its manufacture or subsequent thereto and attempts were made to "repair" the trailer by partially

2

refinishing and painting it.

(10)    Defendants, therefore, breached the warranty with the Plaintiffs by failing to deliver to the Plaintiffs a new trailer free from defects in materials and workmanship.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages in a sum which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained, plus interest and costs of court.

## COUNT III
### (Misrepresentation)

(11)    Prior to February 14, 2006, Plaintiffs and Defendants negotiated concerning the sale by the Defendant and purchase by the Plaintiffs of a "new" Great Dane 2006 Model Great Dane 7011TZ-1ASLT Refrigerated trailer with Carrier XT cooling unit for the sum of $50,438.35.

(12)    Defendants represented to the Plaintiffs that the trailer being purchased by the Plaintiffs was a "new" trailer.

(13)    In fact, the trailer had been damaged in its manufacture or subsequent thereto and attempts were made to "repair" the trailer by partially refinishing and painting it.

(14)    The representations made by the Defendants were false and were made by the Defendants either wilfully, mistakenly, or recklessly.

(15)    Defendants believed the representations made by the Defendants and in reliance upon said representations entered into an obligation to purchase and did in fact purchase the trailer from the Defendants for the sum of

3

$50,438.35.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory and punitive damages in a sum which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained, plus interest and costs of court.

## COUNT IV

### (Oppression, Fraud, Wantonness and Malice)

(16)        Prior to February 14, 2006, Plaintiffs and Defendants negotiated concerning the sale by the Defendant and purchase by the Plaintiffs of a "new" Great Dane 2006 Model Great Dane 7011TZ-1ASLT Refrigerated trailer with Carrier XT cooling unit for the sum of $50,438.35.

(17)    Defendants represented to the Plaintiffs that the trailer being purchased by the Plaintiffs was a "new" trailer.

(18)    In fact, the trailer had been damaged in its manufacture or subsequent thereto and attempts were made to "repair" the trailer by partially refinishing and painting it.

(19)    The representations made by the Defendants were false and were made by the Defendants wilfully and intentionally, and Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice..

(20)    Defendants believed the representations made by the Defendants and in reliance upon said representations entered into an obligation to purchase and did in fact purchase the trailer from the Defendants for the sum of $50,438.35.

WHEREFORE, Plaintiffs demand judgment against Defendants for

4

compensatory and punitive damages in a sum which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained, plus interest and costs of court.

Dated this the 3RD day of October, 2006.

Ron Storey
Attorney for Plaintiffs
P.O. Box 6567
Dothan, Alabama 36302
(334) 793-7635

**DEFENDANTS' ADDRESSES FOR SERVICE:**

**GREAT DANE TRAILERS
1208 BANKHEAD HIGHWAY WEST
BIRMINGHAM, AL 35204**

**GREAT DANE LIMITED PARTNERSHIP
C/O NATIONAL REGISTERED AGENTS
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104**

\WP9\FELLOWS TRANSPORT, LLC (COMPLAINT vs GREAT DANE)

1:06-cv-1011-MHT

# EXHIBIT "E"

## IN THE CIRCUIT COURT OF
## HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| **MATTHEW FELLOWS and** | ) | |
| **FELLOWS TRANSPORT, LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CASE NO.:  CV-06-623-W** |
| **GREAT DANE TRAILERS and** | ) | |
| **GREAT DANE LIMITED** | ) | |
| **PARTNERSHIP,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### NOTICE OF FILING NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), Defendant **Great Dane Limited Partnership**, which was mistakenly identified in the Plaintiffs Complaint as both **Great Dane Limited Partnership** and **Great Dane Trailers**[1] (hereinafter the "Defendant"), hereby gives notice to the Circuit Court of Houston County, Alabama, and to counsel for Plaintiffs, these Plaintiffs being the only adverse parties, that Defendant has today filed a Notice of Removal with the United States District Court for the Middle District of Alabama, Southern Division, and that this case has been removed to that Court. A copy of the Notice of Removal is attached hereto as Exhibit A.

Dated this 9th day of November, 2006.

---

[1]  There is no such legal entity called Great Dane Trailers. "Great Dane Trailers" is a trade name used by Great Dane Limited Partnership.  Great Dane Limited Partnership has taken service of the Complaint purportedly served by the Plaintiffs on both named Defendants.  Accordingly, Great Dane Limited Partnership is the only Defendant in this proceeding and the only Defendant that has been served with a copy of the Complaint.

ALL-STATE LEGAL®

E

Charles A. Stewart III (STE067)
Robert E. Poundstone, IV (POU006)
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

Attorneys   for   Defendant   Great   Dane   Limited
Partnership

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served the above and foregoing on:

      Ron Storey
      Post Office Box 6567
      Dothan, Alabama  36302

by placing copies of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this ___9th___ day of November, 2006.

      Respectfully submitted,


      OF COUNSEL