IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW FELLOWS and FELLOWS TRANSPORT, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) CASE NO.: 1:06-cv-1011-MHT |
| GREAT DANE TRAILERS and GREAT DANE LIMITED PARTNERSHIP, | ) ) ) ) |
| Defendants. | ) ) ) |

## ANSWER

Defendant **Great Dane Limited Partnership**, which was mistakenly identified in the Plaintiffs Complaint as both **Great Dane Limited Partnership** and **Great Dane Trailers**[1] (hereinafter the "Defendant") hereby answers the Plaintiffs Complaint as follows:

1. Defendant lacks sufficient information to admit or deny paragraph one of the Plaintiffs' Complaint and demands strict proof thereof.

---

[1] There is no such legal entity called Great Dane Trailers. "Great Dane Trailers" is a trade name used by Great Dane Limited Partnership. Great Dane Limited Partnership has taken service of the Complaint purportedly served by the Plaintiffs on both named Defendants. Accordingly, Great Dane Limited Partnership is the only Defendant in this proceeding and the only Defendant that has been served with a copy of the Complaint.

1

2. Defendant lacks sufficient information to admit or deny paragraph two of the Plaintiffs' Complaint and demands strict proof thereof.

3. Defendant admits paragraph three of the Plaintiffs' Complaint as to the allegations concerning Great Dane Limited Partnership. Defendant denies any and all remaining allegations in paragraph three of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT I

4. Defendant admits that it agreed to sell and the Plaintiffs agreed to buy a Great Dane 2006 Model 7011TZ-1ASLT Refrigerated trailer with a Carrier XT cooling system for the sum of $50,438.85. Except as expressly admitted herein, Defendant denies any and all remaining allegations in paragraph four of the Plaintiffs' Complaint and demands strict proof thereof.

5. Defendant admits paragraph five of the Plaintiffs' Complaint.

6. Defendant admits that the trailer was the subject of a warranty claim, which Defendant honored and offered to repair the trailer in accordance with the terms of the limited warranty accompanying the trailer. Defendant further states that the Plaintiffs refused to allow Defendant to make the needed repair. Except as expressly admitted herein, Defendant denies all remaining allegations in paragraph six of the Plaintiffs' Complaint and demands strict proof thereof.

7. Defendant denies paragraph seven of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT II

8. Defendant admits that the Plaintiffs purchased a Great Dane 2006 Model 7011TZ-1ASLT Refrigerated trailer with a Carrier XT cooling system for the sum of $50,438.85. Defendant further states that a limited written warranty was provided with the trailer and said warranty speaks for itself. Defendant further states that no additional warranties were made. Except as expressly admitted herein, Defendant denies paragraph eight of the Plaintiffs' Complaint and demands strict proof thereof.

9. Defendant admits that the trailer was the subject of a warranty claim, which Defendant honored and offered to repair the trailer in accordance with the terms of the limited warranty accompanying the trailer. Defendant further states that the Plaintiffs refused to allow Defendant to make the needed repair. Except as expressly admitted herein, Defendant denies all remaining allegations in paragraph nine of the Plaintiffs' Complaint and demands strict proof thereof.

10. Defendant denies paragraph ten of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT III

3

11. Defendant admits that the Plaintiffs purchased a Great Dane 2006 Model 7011TZ-1ASLT Refrigerated trailer with a Carrier XT cooling system for the sum of $50,438.85. Defendant further states that it is uncertain as to how the Plaintiffs define the term "negotiated concerning the sale" of the trailer and therefore denies the same. By way of further response, Defendant admits that the parties discussed the sale of the trailer prior to the sale actually occurring as is customary in the sale of trailers. Except as expressly admitted herein, Defendant denies all remaining allegations in paragraph eleven of the Plaintiffs' Complaint and demands strict proof thereof.

12. Great Dane admits that the trailer was new when sold to the Plaintiffs. Except as expressly admitted herein, Defendant denies all remaining allegations in paragraph 12 of the Plaintiffs' Complaint and demands strict proof thereof.

13. Defendant admits that the trailer was the subject of a warranty claim, which Defendant honored and offered to repair the trailer in accordance with the terms of the limited warranty accompanying the trailer. Defendant further states that the Plaintiffs refused to allow Defendant to make the needed repair. Except as expressly admitted herein, Defendant denies all remaining allegations in paragraph 13 of the Plaintiffs' Complaint and demands strict proof thereof.

14. Defendant denies paragraph 14 of the Plaintiffs' Complaint and demands strict proof thereof.

15.   Defendant denies paragraph 15 of the Plaintiffs' Complaint and demands strict proof thereof.

### COUNT IV

16.   Defendant admits that the Plaintiffs purchased a Great Dane 2006 Model 7011TZ-1ASLT Refrigerated trailer with a Carrier XT cooling system for the sum of $50,438.85. Defendant further states that it is uncertain as to how the Plaintiffs define the term "negotiated concerning the sale" of the trailer and therefore denies the same. By way of further response, Defendant admits that the parties discussed the sale of the trailer prior to the sale actually occurring as is customary in the sale of trailers. Except as expressly admitted herein, Defendant denies all remaining allegations in paragraph 16 of the Plaintiffs' Complaint and demands strict proof thereof.

17.   Great Dane admits that the trailer was new when sold to the Plaintiffs. Except as expressly admitted herein, Defendant denies all remaining allegations in paragraph 17 of the Plaintiffs' Complaint and demands strict proof thereof.

18.   Defendant admits that the trailer was the subject of a warranty claim, which Defendant honored and offered to repair the trailer in accordance with the terms of the limited warranty accompanying the trailer. Defendant further states that the Plaintiffs refused to allow Defendant to make the needed repair. Except as

expressly admitted herein, Defendant denies all remaining allegations in paragraph 18 of the Plaintiffs' Complaint and demands strict proof thereof.

19. Defendant denies paragraph 19 of the Plaintiffs' Complaint and demands strict proof thereof.

20. Defendant denies paragraph 20 of the Plaintiffs' Complaint and demands strict proof thereof.

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Defendant denies the material allegations of the Complaint, except to the extent expressly admitted above.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Defendant is not liable to the Plaintiffs.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by waiver, estoppel and laches.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of merger.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by unclean hands.

6

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the failure to do equity.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because they have not sustained injury or damage as a result of the matters averred in the complaint.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred pursuant to the spoilation of evidence doctrine.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by payments and agreement.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant denies that it has been guilty of any conduct which warrants the issue of punitive damages being submitted to a jury or allows the Plaintiffs to recover punitive damages.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Without waiving the defenses set out below, Section 6-11-21, *Code of Alabama* limits any award of punitive damages.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case would be a violation of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in Sections 13A-4-11 and 13A-5-12, *Code of Alabama* jointly and separately.

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

The claims of the Plaintiffs for punitive damages cannot be sustained because any award of punitive damages under Alabama law, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution and would be improper under the common law and punitive policies of the State of Alabama and under applicable court rules and statutes.

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in this state's standards for awarding punitive damages.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

The claim for punitive damages, on its face and/or as applied in this case is in violation of the *Fifth Amendment of the Constitution of the United States*; of the right of counsel provided by the *Sixth Amendment of the Constitution of the United States*; of the right to trial by jury of the *Seventh Amendment of the Constitution of the United States*; of the proportionality principles contained in the *Eighth Amendment of the Constitution of the United States*; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and

9

under applicable court rules and statutes for the following reasons, jointly and separately:

1. There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly.

2. The procedures to be followed would permit an award of punitive damages against Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability.

3. The procedures to be followed would permit the award of multiple punitive damages for the same act or omission.

4. There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Defendant under present Alabama law.

5. The standards of conduct upon which punitive damages are sought against Defendant are vague and ambiguous.

6. The procedures used by Alabama courts and the guidelines given by the jurors, jointly and severally, are vague and ambiguous.

7. The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is.

8. The procedures under which punitive damages are awarded and the instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus fail to eliminate the effects of, and to guard against, impermissible juror passion.

9. Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded.

10. Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages.

11. Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

12. Present Alabama procedures fail to provide a constitutional reasonable limit on the amount of any punitive damages award against Defendant.

11

13. Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined.

14. Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability.

15. An award of punitive damages would compensate Plaintiffs for elements of damages not otherwise recognized by Alabama law.

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiffs' claims, if any, for the recovery of punitive damages are barred by *Ala. Code* § 6-11-20, *et seq.*

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiffs' claims, if any, for the recovery of punitive damages are barred by *Ala. Code* § 6-11-27.

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiffs' claims, if any, for the recovery of punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

(a) an impermissible burden on interstate commerce arising out of Article I, Section 8 of the United States Constitution;

12

(b) the Contracts Clause of Article I, Section 10 of the United States Constitution;

(c) the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution;

(d) the constitutional prohibition against vague and overbroad laws;

(e) the prohibition against *ex post facto* law in Article I, Section 22 of the Alabama Constitution;

(f) the Contracts Clause of Article I, Section 22 of the Constitution of Alabama;

(g) the Due Process Clause of Article I, Section 6 and/or 13 of the Constitution of Alabama.

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant denies the material allegations of the complaint and pleads the general issue.

## TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by unjust enrichment.

## TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant has not breached any contractual agreement or warranty it had with the Plaintiffs.

### TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would be subject to scrutiny under the facts set forth in *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996). Any jury making an award of punitive damages in this case must consider the factors set forth in *BMW v. Gore* in assessing constitutional punitive damages. With respect to Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitation regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW v. Gore*. Any award of punitive damages in this case would be unconstitutional under *BMW v. Gore*, as Defendant received no notice of the severity of the potential penalty that might be imposed as punishment under Alabama law. Moreover, as shown by the United States Supreme Court's recent remand of the Alabama Supreme Court's decisions in *BMW v. Gore* and *Life Insurance Co. of Georgia v. Johnson*, 117 S.Ct. 288 (1996), Alabama's system for awarding and reviewing punitive damages in this case would be in contravention of the constitutional safeguards provided to Defendant under the federal and state constitutions, jointly and severally.

### TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

14

Plaintiffs' claims are barred by the statute of frauds.

### THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the parole evidence rule.

### THIRTY FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by novation.

### THIRTY SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by accord and satisfaction.

### THIRTY THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by applicable provisions of the Uniform Commercial Code as adopted by the State of Alabama.

### THIRTY FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by release.

### THIRTY FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs failed to satisfy all conditions precedent prior to asserting a breach of warranty claim.

### THIRTY SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

This dispute may be subject to an arbitration agreement and, if so, Defendant reserves the right to arbitrate this dispute.

### THIRTY SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

This dispute may be subject to a forum selection agreement, which would make venue improper and, accordingly, Defendant reserves the right to seek enforcement of any such agreement.

THIRTY EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses which may arise as discovery progresses or otherwise in the course of this litigation.

Dated this 9th day of November, 2006.

/s/ Bob Poundstone
Charles A. Stewart III (STE067)
Robert E. Poundstone, IV (POU006)
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: cstewart@bradleyarant.com
        bpoundstone@bradleyarant.com

Attorneys for Defendant Great Dane Limited Partnership

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

Ron Storey
Post Office Box 6567
Dothan, Alabama 36302

by placing copies of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this 9th day of November, 2006.

Respectfully submitted,

_____
Charles A. Stewart III (STE067)
Robert E. Poundstone, IV (POU006)
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: cstewart@bradleyarant.com
          bpoundstone@bradleyarant.com

Attorneys for Defendants Great Dane Limited Partnership